

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 6, 1950

Hon. Raymond E. Magee
County Attorney
Galveston County
Galveston, Texas

Opinion No. V-1083

Re: The duties of the County Judge upon receiving a petition for an election on abolishing an independent school district, and related questions.

Dear Sir:

We refer to your inquiries concerning the proposed dissolution of the Santa Fe Independent School District in Galveston County. You advise that the Santa Fe District comprises the territory of three small towns, Alta Loma, Arcadia, and Algoa, each of which was formerly a common school district. It is set forth in the submitted copy of the petition for abolition of the independent district, addressed to the County Judge of Galveston County, that heretofore the common districts of Algoa, Arcadia, and Alta Loma were consolidated to create, and were operated under the name of, the Santa Fe Consolidated Common School District. Subsequently, such consolidated district was incorporated to become the Santa Fe Independent School District; that it is now the desire of the citizens of said district that the Santa Fe Independent School District be abolished.

Your first question is whether the submitted petition filed with the County Judge of Galveston County requesting that he call or order an election for the purpose of abolishing Santa Fe Independent School District is sufficient. This petition bears the names of 127 persons alleged to be resident property taxpayers, qualified voters of the Santa Fe Independent School District.

Under the presented facts, the Santa Fe District now has the status of an independent school district. It was created an independent district under one of the general incorporation school laws. Arts. 2742j and 2757, V.C.S. Such statutes provide that common school districts incorporated thereunder shall have all the rights, powers and privileges conferred and imposed by

Hon. Raymond E. Magee, page 2  (V-1083)

the general laws of this State upon independent school districts. Thus, when the prior existing Santa Fe Consolidated Common School District was incorporated to create the Santa Fe Independent District, the old consolidated common school district ceased to exist upon the creation of the new independent district. Pyote Independent School Dist. v. Dyer, 34 S.W.2d 578 (Comm. App. 1931); Bigfoot Independent School Dist. v. Genard, 116 S.W.2d 804 (1938), (affirmed 133 Tex. 368, 129 S.W.2d 1213 (1939)). The Santa Fe District being an independent district as distinguished from a consolidated common school district, it follows that the procedural statute, Article 2767, et seq., authorizing the abolishment of an independent district is applicable in the instant matter, rather than Article 2815, which provides for the dissolution of a consolidated school district and the restoration of the districts included therein to their former status.

Article 2767, V.C.S., provides in part:

"All independent school districts incorporated for free school purposes ... may be abolished in the manner herein provided:

"The County Judge of any county in which any independent district ... is situated, shall, upon petition in writing signed by twenty-five of the resident property taxpayers, who are qualified voters of such independent school district, make an order for holding an election for such purposes, on a day therein stated, and at a place within said independent school district and within the county in which said county court is situated, therein designated. He shall appoint an officer to preside at the election, who shall select two judges and two clerks to assist in holding it. After previous notice of ten days by posting advertisements thereof at three public places within such independent school district, the election shall be held in the manner prescribed by law for holding general elections, except as herein provided.

"All persons who are legally qualified voters of the State and of the county in

which such independent school district ...
is situated, and who have resided within
said independent school district for at
least six months next preceding, shall be
entitled to vote at such election.

"The officers holding such election
shall make return thereof to the County
Judge within ten days after the same is
held.. If a majority of such voters, voting
at such election, shall vote to abolish
such independent school district, the Coun-
ty Judge shall declare such independent
school district abolished, and shall enter
an order to that effect upon the minutes of
the commissioners court, and from the date
of such order, said independent school dis-
trict shall cease to exist."

The submitted copy of petition is sufficient
as to form. However, it is the duty of the County Judge
prior to the issuance of his order for such an election
in compliance therewith to determine whether the petition
contains the signatures of at least twenty-five resident
property taxpayers who are qualified voters of such inde-
pendent school district as defined in paragraph 3 of Ar-
ticle 2767.

Question 2: Since the Santa Fe Inde-
pendent District consists of the area of
three towns which are widely scattered,
please advise whether such an election
could be held in only one place in the dis-
trict, or must it be held in three towns
as is usually done in school elections?

Paragraph 2 of Article 2767 provides that the
County Judge shall make an order for holding an election
for abolishment purposes, on a day therein stated, and
"at a place within said independent district." Under
this provision such an election could properly be held
in one place in the district.

Question 3: In case the Santa Fe In-
dependent District be abolished in accordance
with Article 2767, would said district revert
to its former status as a consolidated common
school district, would it revert to its earli-
er former status of three common districts as

of the year 1927, or would it be thrown into the hands of the County Board of School Trustees for whatever disposition said Board might see fit to make of the territory now within such independent district?

As hereinbefore pointed out, Article 2767 provides the procedure for abolishment of an independent district, whereas Article 2815 of Vernon's Civil Statutes is a law covering a different situation and providing for the dissolution of a consolidated district, a district composed of two or more former districts. When a consolidated district is abolished under Article 2815, the former districts composing the consolidation revert to their original status. That statute so provides. When, however, an independent district is abolished under Article 2767, et seq., that law does not provide for automatic reversion of an independent district into another type of district, original or otherwise, save one exception. The exception is provided in Article 2767f, which reads in part:

"Upon the abolishment of an independent district created by special or local law out of territory theretofore containing two or more common school districts, said common school district shall immediately come into existence by operation of law with the same boundaries they had prior to the creation of said independent school district; ..." (Emphasis added)

Under facts submitted, the present Santa Fe Independent School District was not created by special law out of territory containing two or more common districts. It was created under general law into an independent school district. Therefore, Article 2767f could not apply to the Santa Fe District. It is our opinion that if the present Santa Fe Independent School District is abolished under the provisions of Article 2767, et seq., it would lie within the province of the County Board of School Trustees acting under its powers granted in Article 2681 of Vernon's Civil Statutes to order whatever disposition it sees fit of the territory now within the independent district.

Question 4: Are there any provisions within the Gilmer-Aikin laws (S.B. 115, 116, and 117, Acts 51st Leg., R.S. 1949) or within other recent school legislation which

would render the proposed abolition of said
Santa Fe District null and void?

We know of no law which repeals or supersedes
Article 2767. In fact, paragraph 4 of Article VIII, Senate
Bill 116 (Art. 2922-18, V.C.S.) provides that its provi-
sions for the consolidation of dormant school districts
by order of the County Board of School Trustees shall not
be construed to repeal, supersede or limit any existing
statute providing other methods for school district con-
solidation and annexation. Pertinent also to the powers
of the county school board is paragraph 3 of Article
2922-18, which provides in part:

> "... at any time that it may be de-
> termined there is territory located in a
> county and not within the described limits
> of a school district, the County Board of
> Trustees of such county are hereby author-
> ized and required to add such territory to
> an adjoining district or districts and the
> provisions herein made with reference to
> recording and defining the area of the new
> district thus enlarged, with reference to
> assumption of bonds, authorization of a tax
> therefor, and for a local maintenance tax,
> shall be followed in all such cases."

> Questions 5 and 6: If the electorate
> of the Santa Fe Independent District votes
> to abolish the district, when and under what
> circumstances should a local maintenance tax
> be voted by qualified voters of the abolished
> district. What officials would have author-
> ity to receive and disburse the funds of the
> abolished district.

The answers to these questions depend, of course,
on what disposition is made by order of the County Board
of Trustees of the area now comprising the Santa Fe Dis-
trict. If the county board creates one or more common
districts of the area, then the Commissioners' Court of
the county would have the power to levy and cause to be
collected a maintenance tax only after, in accordance
with general law, an election has been called and held
in the new district or districts authorizing same. Tex.
Const., Art. VII, Sec. 3; Arts. 2795, 2784e, V.C.S.;
Pyote Independent School Dist. v. Dyer, supra; Bigfoot

Independent School Dist. v. Genard, supra. If the county board consolidates or attaches the area to one or more existing districts, then there must be an election authorizing such tax before the same can be legally levied. Tex. Const., Art. VII, Sec. 3; Arts. 2790, 2795, 2784e, 2922-18, V.C.S.; Crabb v. Celeste Independent School Dist., 105 Tex. 194, 146 S.W. 528 (1912); Hill v. Smithville Independent School Dist., 251 S.W. 209 (Comm. App. 1923); Burns v. Dilly County Line Independent School Dist., 295 S.W. 1091 (Comm. App. 1927); Young v. Edna Independent School Dist., 34 S.W.2d 857 (Comm. App. 1931); Pyote Independent School Dist. v. Dyer, supra, and Bigfoot Independent School Dist. v. Genard, supra. With respect to taxes to pay indebtedness of the district outstanding at the time that the same is abolished, Articles 2767a and 2767c provide the procedure to follow. A.G. Opinion No. O-3134. See also Art. 2742b, Secs. 9, 10, 11, 12, V.C.S. Article 2767d is the law with respect to the disposition of the assets of the abolished district. Eagle Lake Independent School Dist. v. Hoyo, 199 S.W. 352 (Tex. Civ. App. 1917, error ref.); Rocky Mount Independent School Dist. v. Jackson, 152 S.W.2d 400 (Tex. Civ. App. 1941, error ref.). See also Art. 2767f, V.C.S.

> Question 7: "Since the Board of Trustees of said Santa Fe Independent School District did not order the above mentioned election, is it mandatory that said Board provide for the payment of the expense of said election?"

In answer to your seventh inquiry as to payment of the expenses incident to the holding of an abolition election, Article 2746b provides in part:

> "All expenses incurred in connection with or incidental to any school district election in connection with the public school within such school district shall be paid out of the available maintenance fund belonging to such district...."

## SUMMARY

> Under submitted facts the Santa Fe Independent School District may be abolished by an election authorized in Article 2767 of Vernon's Civil Statutes, which may validly be held at one place within the district.

If so abolished, it lies within the power of the County Board of School Trustees to order the disposition of the territory as it sees fit.  Art. 2681, V.C.S.  Article 2767 is not superseded by the Gilmer-Aikin school laws. Art. 2922-18, par. 4, V.C.S.

Where new school districts have been formed out of the territory of the abolished independent school district, or where such territory has been added to existing districts, then before a maintenance tax may be levied against the taxable property thereof, the same must have been authorized at an election called and held in accordance with the provisions of general law.  Tex. Const., Art. VII, Sec. 3; Arts. 2767a, 2767c, 2784e, 2790, 2795, V.C.S.; A. G. Opinion No. O-3134.

Expenses incident to holding of the abolition election are payable out of available maintenance funds of the district.  Art. 2746b, V.C.S.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Joe R. Greenhill
First Assistant

PRICE DANIEL
Attorney General

By *Chester E. Ollison*

Chester E. Ollison
          Assistant

CEO:mw:db